NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LM INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION,<br><br>               Plaintiffs,<br>v.<br><br>ALL-PLY ROOFING CO., INC. and JAMES DURANTE,<br><br>               Defendants. | Civil Action No.: 14-4723 (JMV)<br><br><br><br><br>MEMORANDUM OPINION |

**FALK, U.S.M.J.**

Before the Court is Defendants' motion for leave to file a third-party complaint. [ECF No. 122.] The motion is opposed. No oral argument is necessary. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **DENIED**.

### BACKGROUND

Plaintiffs commenced this action on July 29, 2014, seeking unpaid premiums for workers' compensation insurance policies and alleging that Defendants routinely misrepresented the job responsibilities of their employees to reduce the amount owed. On

September 30, 2014, Defendant All-Ply filed an answer and counterclaim.[1]

The discovery period opened on November 18, 2014. *See* ECF No. 17. As the docket reflects, case management has been difficult. Defendants have changed counsel on three occasions; there has been motion practice, both pre-answer and to amend pleadings; and discovery has been complicated and required the entry of multiple scheduling orders extending dates. In total, five (5) amended scheduling orders have been entered that provided for two-and-a-half years of discovery, closing on January 27, 2017. *See, e.g.*, Amended Scheduling Orders at ECF Nos. 34, 57, 65, 100, 120.[2]

On November 29, 2016, Defendants filed the present motion for leave to file a third-party complaint. The proposed amendment seeks to add Defendants' insurance broker, Otterstedt Insurance Company ("Otterstedt"), as a third-party defendant. Defendants claim that Otterstedt was responsible for securing workers' compensation coverage, and that it made numerous misrepresentations and committed malpractice in securing coverage. The proposed pleading contains the following claims against Otterstedt: (1) breach of contract; (2) failure to procure required coverage; (3) breach of the standard of care; (4) failure to advise; (5) professional negligence; (6) negligent misrepresentation; (7) contribution; (8) common law indemnity; and (9) contractual

---

[1] Defendant Durante was added to the case by way of Amended Complaint filed on August 4, 2016.

[2] The final discovery end-date of January 27, 2017, has been stayed during the pendency of Defendants' motion to amend. The Court contemplates the entry of a tight schedule for the remainder of the case following this decision.

2

indemnity.

Plaintiffs oppose the motion. They contend that Defendants' motion is untimely because Otterstedt's alleged involvement in the case was known when the case was filed; was expressly referred to in Defendants' initial answer and counterclaim filed in September 2014, as well as other pleadings and briefs; and comes years into the case close to the end of an extended discovery period. Plaintiffs further argue that Defendants proposed new claims are not mere formulaic contribution or indemnification claims, but rather would expand the case to an insurance coverage and malpractice dispute between Defendants and Otterstedt necessitating different and additional discovery and perhaps motion practice.

## DECISION

A motion for leave to file a third-party complaint is governed by Federal Rule of Civil Procedure 14(a). *See, e.g.*, *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999); *Menchin v. Carquest Corp.*, 2010 WL 3259808, at *4 (D.N.J. Aug. 17, 2010). Rule 14(a) provides that: "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* A third-party claim may only be asserted when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable

to the defendant. *Krassen v. Havana, Inc.*, 2014 WL 6609117, at *2 (D.N.J. Nov. 20, 2014).

"Joinder of third-party defendants under Rule 14 is not automatic; rather the decision to permit joinder rests with the sound discretion of the trial court." *Spencer v. Cannon Equip. Co.*, 2009 WL 1883929, at *4 (D.N.J. June 29, 2009). The purpose of Rule 14 "is to avoid circuity of action and multiplicity of litigation," *id.*, and "permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all parties in one suit." *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.*, 2010 WL 1379804, at *7 (D.N.J. Mar. 10, 2010).

Courts have considered the following factors in exercising the discretion to implead parties: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of the issues at trial; (4) prejudice to the original plaintiff." *Spencer*, 2009 WL 1883929, at *2 (citing *Ronson*, 33 F. Supp. 2d at 356).

**1.    <u>Timeliness of the Motion</u>**

The first factor is whether the motion is timely. Defendants contend that Plaintiffs' Amended Complaint, filed on August 4, 2016, led to discovery which caused them to realize that Otterstedt should be added to the case. The Court is not persuaded.

First, Defendants fail to identify any discovery that was obtained between August 4, 2016 (when the Amended Complaint was filed), and November 29, 2016 (when their

motion was filed), that provided a basis to add Otterstedt to the case.  Indeed, Plaintiffs' opening brief contains no specifics relating to "new" discovery whatsoever, while Plaintiffs' reply refers to a conversation in June 2016, which pre-dates Defendants' Amended Complaint.  (*See* Pl's Br. 5-6; Pl's Reply Br. 5.)  Moreover, even if some discovery was revealed in June 2016, which has not been shown, Defendants waited an additional five months, until November 2016, to bring their motion.  (*See* Pl.'s Reply Br. 5-6.)

      Second, Otterstedt is not an unknown party.  Defendants have known who their insurance broker is and its alleged involvement since this case was filed.  For example, All-Ply first answered the Complaint in September 2014.  Its answer and counterclaim specifically mentioned Otterstedt and its alleged role in connection with the workers' compensation issues: "All-Ply estimated its payroll and provided its workers' compensation class codes **through its insurance broker** . . . ."  (*See* Answer and Counterclaim, ¶ 83; ECF No. 9; emphasis added.)  Likewise, in March 2015, All-Ply filed a motion to amend their answer and counterclaim and file a third-party complaint (against a different proposed third-party defendant), again prominently mentioning Otterstedt: "All-Ply's insurance broker . . . obtained the necessary information about All-Ply's Executive Officers, its business operations and worker's compensation classification codes for Liberty to adopt and underwrite All-Ply's workmen's compensation coverage . .

5

. ." (*See* Def.'s Proposed Pleading in Support of Mot. to Amend, ¶ 6; ECF No. 52.)[3] Finally, the record is replete with deposition testimony that mentions Otterstedt and its involvement. (*See* Pl.'s Br. in Opp'n 9-11.)

Otterstedt and its supposed involvement was apparently known for months, if not years, prior to Defendants' current motion. Unexplained delay in an old case is sufficient cause to deny a motion to implead new parties. *See, e.g.*, *Rivera v. K-Mart Corp.*, 2009 WL 196324, at *2 (D.V.I. Jan. 27, 2009) (denying joinder three years into case when basis was contract executed prior to the lawsuit); *Scobie v. Waco Equip Co.*, 2008 WL 1943551, at *2 (W.D. Pa. May 1, 2008) (denying joinder five years after case was filed and rejecting recent deposition testimony as basis to support claim). Defendants' motion is not timely; the first factor weighs against joinder.[4]

**2.      The Probability Of Trial Delay**

The likelihood of delay resulting from Rule 14 joinder needs to be balanced against the desire to avoid multiple litigations on the same matter. *See Hitachi*, 2010 WL 1379804. Here, adding Otterstedt not only adds a new party to these case but also changes the scope of the current litigation. The case would go from a two party insurance

---

[3] Magistrate Judge Dickson **denied** this motion on October 26, 2015. *See* ECF No. 52.

[4] Defendants point to the mere filing of Plaintiffs' amended complaint in 2016 as support for the notion that their third-party motion is timely. Plaintiffs' motion to amend, which was filed in April 2016 and granted in August, was based on different facts, including specifically identified new information and Plaintiffs' swift efforts to amend upon learning of such information. The applications are quite different.

dispute into claims between Defendants and Otterstedt that have to do with their relationship and course of dealings well exceeding the boundaries of the operative complaint. In other words, the theory of the case expands, and the case and any trial becomes significantly delayed.

Defendants' claims against Otterstedt include professional malpractice and other issues that would likely require new and different discovery and potentially new and different experts than that relating to the main case. This would all take a substantial amount of time. Conversely, Defendants do not articulate why it would suffer any real prejudice or inconvenience from having to commence a separate action against Otterstedt, if they so choose. In any event, it is unfair to Plaintiffs to have their Complaint, which is already pending for two-and-a-half years, further delayed while discovery un-related to the original complaint proceeds. This factor weighs against granting the motion.

### 3.     The Potential for Complications at Trial

Plaintiffs argue that impleading Otterstedt into the case would potentially complicate matters for trial. The Court agrees. As it stands now, the case is relatively straightforward. The close of discovery was two months away at the time this motion was filed. Adding a new party at this stage would certainly cause material delay. In addition, the *claims* against the new party are problematic in that they advance an entirely different theory that does not involve Plaintiffs. Defendants do not simply advance basic contribution or indemnification claims. Defendants seek to introduce separate and

7

substantive claims that relate solely to the relationship between Defendants and Otterstedt and assertions of malpractice. If allowed, much of the third-party dispute would have nothing to do with the claims in the original complaint and would expand the scope of the case. This could create the likelihood of genuine confusion at trial. Court have found similar requests to implead improper when the amendment would expand the scope of the case. *See, e.g.*, *Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 2013 U.S. Dist. LEXIS 116131, at *4 (D.N.J. Aug. 13, 2013) (denying request to implead when amendment would inject separate and new issues into "straightforward" foreclosure action). The third factor weighs against amendment.

**4.     Prejudice to the Original Plaintiff**

The final factor is prejudice to the original plaintiff. Here, it seems clear that Plaintiffs would be prejudiced by the addition of a new party. Prejudice is obvious and would result from a number of things including: the fact that the case is closing in on three-years-old and there is an interest in moving it to resolution; the new party could have been identified and joined long ago, without delaying the case; discovery is nearly complete, and adding a new party that may wish to engage in motion practice and then its own discovery, including re-doing discovery already complete, is prejudicial; and finally, the joinder of Otterstedt would inject new issues and new discovery into an old case and could create the dynamic of a case-within-a-case.

## CONCLUSION

As the above demonstrates, the relevant Rule 14 factors do not support the addition of Otterstedt to the case as third-party defendant. However, nothing in this Opinion precludes Defendants from commencing a separate action, with a new docket number, raising their claims. In the event such a pleading is filed, the Court may be willing to coordinate the cases for some purposes, e.g., settlement discussions if all parties wish.

For the reasons stated above, Defendant's motion for leave to file a third-party complaint [ECF No. 122] is **DENIED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: March 27, 2017**